IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  1:18-cr-04-MW-GRJ

MIKA KAMISSA HARRIS
_____/

## **ORDER**

On August 21, 2019 the Court held a hearing to address the Motion to Withdraw as Counsel, filed by Nick G. Zissimopulos, ECF No. 187, and Attorney Gilbert A. Schaffnit's Motion to Withdraw as Counsel. ECF No. 195. The motions were referred to the undersigned for resolution. ECF Nos. 191 7 196. The Defendant, Mika Kamissa Harris, was present in Court with Nick Zissimopulos and Gilbert Schaffnit, her current court appointed counsel, and was provided with an opportunity to personally address the Court. A portion of the hearing was conducted *ex parte* and was sealed pending further order of the Court to protect any attorney-client privileged information offered to the Court by counsel and the Defendant.

For the reasons discussed in detail on the record at the hearing, which are incorporated into this order, and as summarized below, Mr.

Zissimopulos and Mr. Schaffnit's motions to withdraw as counsel are due to be denied.

Mr. Zissimopolus advised the Court, during the portion of the hearing, which was not sealed, that he had irreconcilable differences with the Defendant because the Defendant was not having productive communications with counsel during their scheduled meetings to prepare the case for trial. According to Mr. Zissimopulos, the attorney-client meetings have not been productive because Defendant insists upon focusing on matters and issues not relevant to the issues counsel wants to address at the client meetings. These tangential matters include, among other issues, previous rulings by the Court or legal issues previously addressed multiple times. Mr. Schaffnit voiced similar problems regarding his working relationship with the Defendant.

Ms. Harris explained to the Court that although she did not object to the filing of the motions to withdraw she did not request counsel to withdraw. Instead, the gist of Ms. Harris' complaints to the Court focused upon actions and strategies she believes counsel have not vigorously pursued. Based upon these shortcomings, Ms. Harris expressed to the

Court during the *ex-parte* portion of the hearing, that she has lost confidence her counsel are defending her adequately.

During the *ex-parte* portion of the hearing, the Court explored these issues with Ms. Harris and counsel. Suffice it to say, that while there have been disagreements between Ms. Harris and counsel, the lion's share of the disagreements concern strategies for her defense and the alleged failure to disclose documentary evidence to her for inspection, review and advice. While the Court recognizes that personality conflicts and tensions have arisen because of disagreements regarding strategy and trial preparation, most of the misunderstanding relates to miscommunication between the client and counsel. Counsel's representation, thus far, based upon what was discussed with the Court, appears to be competent, professional and geared towards the best interest of Ms. Harris.

The personality differences between Ms. Harris and counsel are not differences that are insurmountable. While Ms. Harris may appear to be a difficult client it is understandable that her combative nature with counsel, while counterproductive, is not such that counsel cannot continue to represent Ms. Harris in this case.   Although the tensions and differences between counsel and client might be difficult -- and may make

representation challenging -- these tensions and differences do not rise to the level of irreconcilable conflicts.

The right to effective assistance of counsel is a fundamental component of the Sixth Amendment. *Johnson v. Zerbst,* 304 U.S. 458 (1938). Although an accused who is represented by an appointed attorney has the right to effective counsel, an accused does not have the right to choose a particular attorney at any cost in terms of delay. *United States v. Mastroianni,* 749 F. 2d 900, 914 (1st Cir. 1984). Notably, the right to effective counsel does not involve the right to a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy,* 461 U.S. 1, 14 (1983). Consequently, even though there may be tensions and personality clashes between Ms. Harris and counsel, that does not mean counsel are not providing and cannot continue to provide effective representation for Ms. Harris.

The standard for effective counsel is much different from simply whether counsel has provided a meaningful relationship. Rather, a defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of

guilty. An accused, like Ms. Harris, must understand that "a defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case." *United States v. Moore,* 706 F. 2d 538, 540 (5th Cir. 1983). Instead, "[a] defendant is entitled to an attorney who will consider defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics." *Id.* And notably, while "a defendant is entitled to … an attorney with whom he can communicate reasonably, [the defendant] has no right to an attorney who will docilely do as he is told." *Id.*

In considering the motions to withdraw, the Court has been guided by these principles and has applied the following factors in assessing the motions to withdraw. These factors include: (1) the reasons why withdrawal is sought; (2) the prejudice that might result from withdrawal; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will cause a delay in the resolution of the case. *United States v. Travers,* 996 F. Supp. 6, 14 (S.D. Fla. 1998).

As discussed above, and as explained by the Court at the hearing, the Court concludes that the reasons for withdrawal relate almost entirely to the tensions between counsel and client and frustration on the part of

counsel in their efforts to focus Ms. Harris in their meetings on issues and facts counsel believe are relevant and important. These differences are primarily interpersonal issues, and in the Court's view, are not insurmountable. Indeed, at the hearing, while Ms. Harris expressed her frustrations with her dealings with counsel, she advised the Court several times that she does not dislike her attorneys, but rather perceives that counsel do not appreciate her frustrations and views on issues. These types of differences do not make the differences between counsel and client irreconcilable. The differences can and should be approached by both client and counsel with a view towards the same shared goal.

In short, the Court concludes that none of the reasons expressed by counsel for withdrawal, as detailed to the Court during the *ex-parte* portion of the hearing, rise to the level of irreconcilable conflicts that require withdrawal. Counsel must continue to represent Ms. Harris "dedicated to the proposition, and capable of assuring that, the prosecution's case [is] presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices." *United States v. Moore,* at 540.

The prejudice that would result from withdrawal would be significant. This case began in February 2018. Mr. Schaffnit and Mr. Zissimopulos

have been intimately involved with this case for more than a year and a half, including review and analysis of the government's discovery and the extensive documentary evidence, which will be used to support the Government's case. In addition to Mr. Schaffnit and Mr. Zissimopulos' efforts, investigators, various vendors and a paralegal have expended hundreds of hours analyzing documents, transcripts and other evidence and preparing to try this case.

    Indeed, as the Court highlighted at the hearing, this case is unusual because the district judge appointed not one but two highly qualified attorneys to represent the defendant. Everything counsel has requested from the Court in terms of paralegal assistance and the assistance of other professionals has been granted by the Court. Withdrawal by counsel at this point would have a devasting impact on the ability of substitute counsel to adequately represent the Defendant. A new legal team would have to be appointed. It could take a new team a significant amount of time to get up to speed, even assuming a new legal team could utilize some of the preparation already conducted. Lastly, and as the Court mentioned, withdrawal of counsel and the substitution of a new legal team, would in

the Court's view not solve any of the personality problems expressed to the Court at the hearing.

The Court also must take into account the harm withdrawal might cause to the administration of justice. Like any criminal case, while the primary focus is on the Defendant's interest, the public also has a keen interest in the resolution of criminal cases. The criminal laws govern our society. The enforcement of criminal laws informs and guides the conduct of the public and establishes the applicable norms and standards which govern how the public conducts itself. The enforcement of our criminal laws also provides closure and assistance to victims of crimes. To permit the withdrawal of counsel a year and a half after the case was initiated, and only seven weeks before the trial is scheduled, most certainly will not advance the orderly administration of justice. Not only would withdrawal of counsel prejudice the Defendant but it would have a negative impact on the ability of the criminal justice system to resolve criminal cases and dispense justice in an orderly and expeditious manner.

Lastly, it goes without saying that if the Court approved the withdrawal of Defendant's counsel in this case, there is little question that resolution of this case would be significantly delayed. This benefits no one.

It does not benefit the Defendant, the government, the witnesses, the Court or the public.

For these reasons, and the reasons stated on the record at the hearing, the Court concludes that the Motion to Withdraw as Counsel, filed by Nick G. Zissimopulos, ECF No. 187, and Attorney Gilbert A. Schaffnit's Motion to Withdraw as Counsel, ECF No. 195, are **DENIED**.

**DONE AND ORDERED** on this 22nd day of August 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge