IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          1:18-cr-04-MW-GRJ

MIKA KAMISSA HARRIS
_____/

## ORDER

On September 11, 2019 the Court held the continued hearing to address the Second Motion to Withdraw as Counsel, filed by Nick G. Zissimopulos, ECF No. 207, and Attorney Gilbert A. Schaffnit's Second Motion to Withdraw as Counsel. ECF No. 211. The motions were referred to the undersigned for resolution. ECF Nos. 209 & 212. The Defendant, Mika Kamissa Harris, was present in Court with Nick Zissimopulos and Gilbert Schaffnit, her current court appointed counsel.

Counsel for Defendant advised the Court that there were no further anticipated meetings between the government and the Defendant and therefore no further proffers were expected to be scheduled. On September 9, 2019, after the last hearing on the motions to withdraw, the Court in a written order denied Defendant's request for a continuance.

Consequently, withdrawal of counsel at this late juncture would severely prejudice the ability of substitute counsel to prepare for trial and provide effective representation for the Defendant.

Nonetheless, during the hearing the Court explored with counsel for Defendant the availability of other counsel to represent the Defendant. Despite reasonable efforts to locate replacement counsel, there were no similarly experienced and qualified attorneys who could be appointed to represent the Defendant.

Replacement of counsel, therefore, is not warranted at this late stage in the case. The Court has provided the Defendant with not one but two well-qualified and experienced attorneys to represent her. Additionally, the Court has authorized the retention of paralegals, an attorney to assist with briefing and an expert, and otherwise has provided the Defendant with all of the resources requested to represent her in this case. Through no fault of Defendant's counsel, the Defendant has resisted, challenged and refused in many instances to comply with the advice and reasonable requests of her counsel, which has made the representation that much more difficult. While the Court recognizes the difficulties counsel has experienced in representing the Defendant, nonetheless, the Defendant is

entitled like every criminal defendant to the effective representation of counsel. Where a defendant, however, thwarts the efforts of counsel to do their job that is the fault of the Defendant and is not and cannot serve as the impetus for withdrawal of counsel. If that was the standard for withdrawal of counsel every criminal defendant could simply delay her trial by making it difficult for her attorneys to do their job. Based upon the Court's interactions with counsel and the defendant at several hearings in this case, in the Court's view, that is exactly what is going on here.

As the Court previously advised the Defendant at the last hearing, while an accused who is represented by an appointed attorney has the right to effective counsel, an accused does not have the right to choose a particular attorney at any cost in terms of delay. *United States v. Mastroianni,* 749 F. 2d 900, 914 (1st Cir. 1984). The right to effective counsel does not involve the right to a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy,* 461 U.S. 1, 14 (1983). While there might not be a meaningful relationship between the Defendant and her court appointed counsel at this point, the Court has no doubt based upon the discussions at the hearings on these motions, that Defendant's counsel is endeavoring to provide (as best as they can under

the circumstances) effective representation for the Defendant. And the Court has no doubt that despite the difficulties with the Defendant that counsel will continue to fulfill their professional responsibility to zealously represent the Defendant within the bounds of their ethical responsibility.

Accordingly, for those reasons and the reasons discussed in detail on the record at the hearing, which are incorporated into this order, Mr. Zissimopulos and Mr. Schaffnit's second motions to withdraw as counsel are due to be denied.

Upon due consideration, it is **ORDERED:**

The Second Motion to Withdraw as Counsel, filed by Nick G. Zissimopulos, ECF No. 207, and Attorney Gilbert A. Schaffnit's Second Motion to Withdraw as Counsel, ECF No. 211, are **DENIED**.

**DONE AND ORDERED** on this 11th day of September 2019.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge